## Case No. 17,124.

### The WALTER W. PHARO.

[1 Lowell, 437.] [1]

District Court, D. Massachusetts. March, 1870.

COLLISION—MEASURE OF DAMAGES—COSTS—OFFERS OF SETTLEMENT—PLEADING.

1. The owner of a yacht kept for his own use may recover, in a collision cause, as damages

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

for the loss of her use while repairing, the price at which he could readily have let her for pleasure parties.
[Cited in The Lagonda, 44 Fed. 368.]

2. When each party to a collision cause had made an offer of a settlement, costs were decreed to the libellant though he recovered much less than he had demanded, which was more than he was offered.

3. It seems, that if a tender or offer of payment is relied on to bar costs in a collision cause, it should be set up in the pleadings, and should be a continuing offer.
[Cited in The Rossend Castle, 30 Fed. 464.]

In admiralty.

C. A. Welch, for libellant.
J. W. Hudson, for claimants.

LOWELL, District Judge. The only question of law in this case is whether damages should be assessed for the loss of the use of this little yacht while she was undergoing repairs? The general rule in such cases is that if the owner has probably lost a profitable employment for his vessel he should be paid for it. I have applied this in various ways, as where the detention was only for a certain number of days beyond what it necessarily would have been in discharging cargo, and the repairs might have been going on during the discharge. I allowed for the days beyond those needed for discharging. If a coasting vessel were repaired during the season in which she is usually laid up nothing would be due, and so on. Here the yacht was not kept for profit and was never let to hire. Still I am of opinion with the libellant that he may have compensation for the loss of her use at the market rate of such craft, because it is no concern of the respondents what use the libellant chooses to put his vessel to. He had a right to change his mind at any moment. It is different from the case of a vessel kept for hire whom no one wishes to hire. Damages must be assessed by market value when that is possible. The evidence tends to show that such boats would let for about eight dollars a day, and I suppose I may assume that this would be only on week days and when the weather is good. How many such days there were during the twenty days of the repairs I cannot tell. I allow eighty dollars for this damage. The only other item that was seriously challenged is the owner's charge for services in overseeing or looking after the work. Considering the plain and simple character of the repairs, and their small cost, I should have doubted about giving any thing here, and I understood this charge to be withdrawn at the argument.

The question of costs was raised, and it seems that the libellant demanded the full amount of the bills of repairs, although he now concedes that the new mainsail and some work in the cabin are not properly chargeable to the claimants. On the other hand, the latter offered two hundred dollars, which is less than they now concede to be due. The libellant's explanation, which is not met by any evidence on the other side, is that he told the captain or the agent

of the schooner that his offer was made as a compromise, that the bill contained items which he could not charge to the collision, but that it omitted others, and he thought it about what he ought to receive. In that state of the case, I cannot see that the claimants were misled or induced to defend the suit by any fault of the other party.

One word in regard to the offer of two hundred dollars. It is not our practice to insist on a formal tender when an offer is made by a person of abundant means and is rejected on its merits; but it is the practice of all courts, and is founded in justice, to insist that the defendant shall make his offer a continuing one, so that the other party may avail of it at any time. It once happened in a salvage case that I awarded less than the owners of the vessel had offered, and they then came in and asked leave to show this fact in bar of costs; but I decided that they could not lie by and take their chance of how the award would go, without pleading their offer and stating their readiness to abide by it, and then object to the payment of costs. I mention this because that decision has not been reported, and it seems to be thought that in admiralty any offer will always avail the parties. In this case the respondents mentioned the offer in their answer, but in the same answer denied their liability. The point is not important now because the damages exceed $200. Decree for libellant for the $337.70 and costs.